IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Johnny Rodney Brown, ) | |
| ) | Civil Action No. 8:14-4566-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Johnny Rodney Brown ("Brown"), brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 17).[1] The magistrate judge recommends affirming the Commissioner's decision denying benefits. Brown timely filed objections (ECF No. 19), and the Commissioner filed a reply to those objections (ECF No. 20).

## I. Background

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Brown filed an application for DIB and SSI on June 17, 2011, alleging a disability due to bipolar panic disorder, manic depression, stress, and suicidal intentions, with an onset date of June 9, 2011.  His application was denied initially and on reconsideration.  Brown requested review by an administrative law judge ("ALJ"), and a hearing was held before an ALJ on May 14, 2013.  On August 1, 2013, the ALJ found that Brown suffered from the following severe impairments: bipolar disorder, depression, panic disorder, and personality disorder.  Despite these impairments, the ALJ found that Brown has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: he can never interact with the public and can only frequently interact with co-workers and supervisors. Furthermore, the ALJ found that Brown is unable to perform any past relevant work, but that there are a number of jobs that exist in the national economy that Brown can perform, such as a shipping receiver weigher, a hand packager, and a weight tester. Accordingly, the ALJ denied Brown's claims, finding him not disabled under the SSA from the alleged onset date through September 30, 2015.

Brown sought review of the ALJ's decision by the Appeals Council, but on October 6, 2014, the Appeals Council declined to review the ALJ's decision.  Brown then filed an action in this court seeking review on December 2, 2014.

On November 30, 2015, the magistrate judge filed her Report recommending that the Commissioner's decision be affirmed.  In her Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security

as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Analysis

In his objections, Brown contends that the magistrate judge erred by finding that: (1) substantial evidence supports the ALJ's assessment of Brown's Residual Functional Capacity ("RFC"); (2) the ALJ properly weighed and considered Dr. Robin Moody's ("Dr. Moody") opinion evidence; and (3) the ALJ properly relied upon the Vocational Expert ("VE") to determine that jobs exist in the national economy that Brown can perform.

Brown first contends that the ALJ erred by failing to include significant limitations resulting from Brown's mental impairments and by failing to provide an adequate discussion rejecting those limitations in determining Brown's RFC. (ECF No. 19 at 1). Specifically, Brown

argues that Dr. Kevin King ("Dr. King") concluded, and the ALJ adopted, the finding that Brown was "markedly limited" in his ability to work with others, but nonetheless the ALJ presented the RFC assessment to the VE, who testified that Brown could perform unskilled jobs in the national economy which had reduced "contact with co-workers." (ECF No. 19 at 2).

Brown presented this very same argument before the magistrate judge. *See Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that rehashing arguments raised to the magistrate judge does not comply with the requirement to file specific objections). The Report found that the ALJ rejected Brown's contention that he should be excluded from exposure to co-workers because Brown reported that he shops in public, and spends time with others watching TV and talking. (ECF Nos. 17 at 53 & 10-2 at 33). The court finds that this argument was adequately addressed in the well-reasoned and well-written Report. (See ECF No. 17 at 52–53). Therefore, the court finds the ALJ's findings are supported by substantial evidence, and the court declines Brown's invitation to reweigh the evidence. Accordingly, this objection is overruled.

Brown next contends that the ALJ improperly ignored Dr. Moody's opinions. (ECF No. 19 at 5). Specifically, Brown contends that the ALJ failed to provide any explanation for why Dr. Moody's opinions should be rejected because she examined Brown one time. (*Id*. At 6). The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, i.e., when the treating physician's opinion does not warrant controlling weight, *Craig v. Charter*, 76 F.3d 585, 590 (4th Cir. 1996), but the ALJ must nevertheless assign a weight to the medical opinion based on 1) the length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record as a whole; 5) specialization of the physician; and

6) other factors which tend to support or contradict the opinion, 20 C.F.R. §§ 404.1527(c), 416.927(c).

In regard to Dr. Moody's opinion, the ALJ sets forth several reasons for discounting Dr. Moody's opinion evidence. Specifically, the ALJ stated the following reasons: (1) "the claimant has a history of exaggerating his symptoms" (ECF No. 10-2 at 35, 37);  (2) "treatment notes both nine days prior to and months after [Brown's] visit with Dr. Moody indicate 'no significant mood swings since he began taking lithium;' 'recent and remote memory was intact, and his attention and concentration was normal;' 'good appetite, energy, mood, and sleep . . . [and he] denied having anxiety, hallucinations, or suicidal ideations" (ECF No. 10-2 at 32–33, 37); (3) the overall record showed an improvement since his hospitalization in November 2011 as a result of treatment, (ECF No. 10-2 at 35, 37); and (4) the extreme limitations ascribed by Dr. Moody were inconsistent with Brown's reported activities of daily living, (ECF No. 10-2 at 33, 37). The court agrees with the Report's analysis and conclusion that the ALJ gave very clear and concise reasons for discounting Dr. Moody's opinion evidence, and finds the ALJ's decision is supported by substantial evidence in the record.  Accordingly, this objection is overruled.

Brown next contends that the ALJ failed to meet her burden of proof through vocational testimony because Dr. King did not express an opinion that Brown had the functional status that the VE required in order to find employment. (ECF No. 19 at 7). In other words, Brown is objecting for a second time to the Report's acceptance of the RFC assessment that the ALJ presented to the VE. As discussed *supra*, the court finds the ALJ's findings are supported by substantial evidence, and declines to reweigh the evidence in this case. Accordingly, this objection is overruled.

### IV. Conclusion

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Brown's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Brown's arguments and properly addressed each in turn, finding them without merit. The court finds no basis for disturbing the Report. Accordingly, the court adopts the Report and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

February 16, 2016                                              s/Timothy M. Cain
Anderson, South Carolina                               United States District Judge